FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 12 AM 10: 45

Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DAVID GLENN WAITS,<br><br>　　　　　Defendant. | Case No. J05-0009 CR (JWS)<br><br>DEFENDANT'S OBJECTIONS TO MAGISTRATES REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS |

Defendant, David Glenn Waits, by and through counsel Michael Dieni, Assistant Federal Defender, objects to the Magistrate Judge's Report and Recommendation (hereinafter RR). Mr. Waits objects to each conclusion drawn by the court, both legally and factually. Specific objections set forth below are not offered as a waiver of any position previously taken in the pleadings and in argument to the court after the evidentiary hearing.

　　　　　1.　　Factual Objections

Paragraph 12 is completely incorrect. The tape of the contact between police and Mr. Waits and Mr. Hernandez establishes that police did not learn of Mr. Waits

27

felony record until *after* they made entry into the room. Police did not even get Mr. Waits identity until after they asked for identification after confronting him inside the room They used that identification to check computer records and only then did they discover the existence of a felony record.

Mr. Waits objects to any reliance upon Captain Westre's comments set forth in paragraph 13. No one testified at the hearing as to any specific knowledge that Mr. Hernandez had a key to the room before police made entry. Westre stated that all of his contact with Hernandez and Waits is captured on the tape, and no mention of a key can be found on the tape. Westre did not know whether the other officer had contact with Hernandez or whether the other officer spoke to Dispatch. The court heard no evidence from Dispatch in written or oral form. The record is blank on this point, apart from Captain Westre's self-serving hearsay based "impressions" offered for the first time in testimony at the suppression hearing.

The RR as a whole mis-characterizes the totality of Mr. Waits testimony. Mr. Waits first told Mr. Hernandez to look for another place four days earlier when Mr. Hernandez first assaulted Mr. Waits during an argument. The events of October 4 had been building and culminated in Mr. Waits telling Mr. Hernandez, definitively, that he had to leave and find another place. There was a qualitative difference between the two events. The argument four days earlier stated that Hernandez should look for another place. The event on October 4 included the command that Hernandez leave.

2.   Argument

Mr. Hanson objects to the conclusions drawn by the RR. Mr. Hernandez lacked actual authority to enter the room. That fact, alone, is the reason he called police.

He'd been thrown out and wanted police assistance to safely re-enter. The RR simply misses the overall picture of the events of October 4. Mr. Waits apparently took a gun to bed because he was afraid of Mr. Hernandez and he had, effective lost "control" of the premises and Mr. Hernandez was no longer welcome in Mr. Waits home. The court also seems to accept Mr. Hernandez' self-serving hearsay statements on tape at face value, even though the government did not call Mr. Hernandez to testify at the hearing.

It was unreasonable for police to take Mr. Hernandez at face value when he said he was a "roommate." This little bit of information was insufficient to establish that Mr. Hernandez had common authority over the room, especially after Mr. Hernandez acknowledged that the two men had been in an argument prior to the events at hand. Police could not have ignored the idea that the argument was serious enough to cause one of the two men to take a gun to bed. Under these circumstances police had an obligation to question Mr. Hernandez and to knock at the door and wait for an answer, or seek a warrant.

DATED this 11 day of December, 2005.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

Michael Dieni
Assistant Federal Defender

Certification:

I certify that on December 12, 2005, I hand delivered a copy of this objection to RR to:

David A. Nesbett, Esq.
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9 Rm 253
Anchorage, AK  99513-7567

Lenora L. Roehling