TIMOTHY M. BURGESS
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
(907) 271-5071

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 13 PM 4: 23

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. J05-009 CR (JWS) |
| Plaintiff, | ) **UNITED STATES'** |
| | ) **OBJECTIONS TO REPORT** |
| vs. | ) **AND RECOMMENDATION** |
| | ) **ON MOTION TO SUPPRESS** |
| DAVID G. WAITS, | ) **AND RESPONSE TO** |
| | ) **DEFENDANT'S** |
| Defendant. | ) **OBJECTIONS TO REPORT** |
| | ) **AND RECOMMENDATION** |
| | ) **ON MOTION TO SUPPRESS** |
| | ) FILED ON SHORTENED TIME |

I.   INTRODUCTION

The United States, by and through counsel, notes an error with one factual determination made by the court in its Report and Recommendation on Motion to



Suppress. The United States further responds to defendant's objections to the court's Report and Recommendation on Motion to Suppress. Neither the factual error nor the defendant's factual and legal objections alter the substance of the court's conclusion and, therefore, the defendant's motion to suppress should be denied.

II.  ARGUMENT

Paragraph 12 of the court's Report and Recommendation states that after arriving at the Narrows Inn but before entering the room, the officers were informed by their dispatcher that the defendant had a felony conviction from Juneau. It is the government's understanding that the officers learned of the defendant's identity and his criminal history moments after entering the room and during their initial contact with the defendant.

Upon observing the rifle laying next to the defendant, the officers were obligated first to secure the firearm to protect the safety of themselves and the safety of others. Their entry into the apartment was not motivated by the desire to collect evidence. The officers then seized the firearm after they learned of the defendant's felony conviction. The precise timing of the notice to the officers of the defendant's prior felony conviction does not affect the court's analysis or its ultimate conclusion in the Report and Recommendation that the officers' entry

into the defendant's room was supported by consent given by a person having either actual or apparent authority.

Contrary to the arguments of the defendant, the Report and Recommendation appropriately characterizes the events of October 4. The actions of the officers were perfectly reasonable under the circumstances and, therefore, the defendant's motion to suppress should be denied.

RESPECTFULLY SUBMITTED this 13th day of December, 2005, in Anchorage, Alaska.

> TIMOTHY M. BURGESS
> United States Attorney
>
> /s/ David A. Nesbett
> DAVID A. NESBETT
> Special Assistant U.S. Attorney

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on December 13, 2005, via:

(X) FPD pickup box in USAO

Michael Dieni
Assistant Federal Defender
550 W. 7th Ave., Suite 1600
Anchorage, Alaska 99501

Executed at Anchorage, Alaska, on December 13, 2005.

_Kristen Eickstedt_
Legal Assistant
Office of the U.S. Attorney

3