**FILED**

DEC 1 5 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By _____ Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | J05-009 CR (JWS) |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| DAVID GLEN WAITS, | ) | [Re:  Motion at docket 12] |
| | ) | |
| Defendant. | ) | |

### I. MOTION PRESENTED

At docket 12, defendant David Glen Waits moved to suppress certain evidence, specifically a firearm found in his hotel room. An evidentiary hearing was held, the motion was fully briefed, and the magistrate judge filed a report at docket 25 ("R&R") recommending that the motion be denied. Defendant filed objections to the R&R to which plaintiff responded. Plaintiff also noted an objection to one of the recommended findings of fact in the R&R.

### II. STANDARD OF REVIEW

A district judge court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1]  When reviewing a magistrate judge's report and recommendation in a case such as this one, the district judge

---

[1] 28 U.S.C. § 636(b)(1).

31

conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3]  Uncontested findings of fact are reviewed for clear error.[4]

### III.  DISCUSSION

Having reviewed the file including a transcript of the evidentiary hearing conducted on December 1, 2005, and having applied the standard of review articulated above, this court concludes that, except as specifically noted below, Magistrate Judge Pallenberg has correctly found the facts and applied the law.

Both parties object to the finding in paragraph 12 of the R&R that the police officers were informed by the police dispatcher that Waits was a convicted felon before they entered room 117 of the Narrows Inn.  This objection is well taken.  Officer Westre testified that it was after he had been talking to Waits in the room about whether he was intoxicated that "we received a report through officer Scherrer that it was confirmed that [Waits] was a convicted felon out of Juneau."[5]

Waits next objects to the statement in paragraph 13 of the R&R which recounts what Captain Westre said about Hernandez having a key to room 117.  It needs to be noted that the R&R contains two paragraphs which are numbered as 13.  Their content differs, so it is easy to see that the objection is to what is written in the second of them.[6]  Upon examination of the transcript, this court finds that the statements in paragraph 13 are consistent with Westre's testimony about Hernandez's having a key to room 117.

---

[2]*Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir. 1996).

[3]28 U.S.C. § 636(b)(1).

[4]*Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[5]Evidentiary Hearing on Defendant's Motion To Suppress Transcript of Proceedings ("TR") at p. 17.

[6]The numbering of paragraphs on p. 3 of the R&R is curious.  The paragraphs on that page appear in the following sequence: 13, 14, 13, 14, 15.  The contents of the first 13 and the second 13 are different, and the contents of the first 14 differs from that of the second 14, so the error is not simply duplication, but rather an error in the assignment of numbers to the paragraphs.

Westre either was told by Hernandez in person[7] or by Scherrer who reported what Hernandez earlier told him on the phone.[8] It may be added that there is no doubt that Hernandez actually did have a key to the room, for Waits demanded it back from Hernandez after the entry into the room.

Finally, Waits objects that the R&R "mis-characterizes the totality of Mr. Waits testimony." Having compared Waits' testimony to the R&R, this court disagrees. The R&R accurately characterizes Waits' testimony and does not overlook the earlier argument between Waits and Hernandez. The bottom line is that Hernandez still was and appeared to be Waits roommate on the date the officers entered room 117 of the Narrows Inn with permission given to them by Hernandez.

In summary, except for paragraph 13, this court adopts the factual findings recommended by the magistrate judge and also adopts his recommended conclusions of law.

### IV. CONCLUSION AND ORDER FOR STATUS REPORT

For the reasons given above, the motion to suppress at docket 12 is **DENIED**. On or before **December 19, 2005**, counsel for defendant shall file a status report or other appropriate document indicating whether or not a trial will be needed in this case.

The **Clerk** will please call counsel to advise of this order.

DATED at Anchorage, Alaska this 15th day of December 2005.

/s/ John W. Sedwick

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

12/15/05 t/c notice: M. Dieni, D. Nesbett

---

[7]TR at p. 10, ll. 13-18.

[8]TR at p 5, l. 22–p. 6, l. 15; p. 11, ll. 4-8.

-3-


J05-0009--CR (JWS)   12-15-05

M. DIENI (FPD)
D. NESBETT (AUSA)
MAGISTRATE JUDGE PALLENBE