DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | No. 1:05-cr-009-JWS |
| ) | |
| Plaintiff,    ) | |
| ) | GOVERNMENT'S |
| vs.    ) | SENTENCING |
| ) | MEMORANDUM |
| DAVID G. WAITS,    ) | |
| ) | |
| Defendant.    ) | |
| ) | |

    COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, DAVID G. WAITS, who is scheduled to be sentenced on March 24, 2006.  For the reasons provided below, the government concurs with the recommendations made

by the final presentence report and recommends a sentence of 180 months.

I.   BACKGROUND

On December 28, 2005, the defendant pled guilty to Count 1 of the Indictment charging Mr. Waits with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e).  The defendant also admitted to Count 2 and the forfeiture of the firearm.  During his plea colloquy, the defendant admitted that in October of 2005, he unlawfully possessed a firearm, which had been transported in interstate commerce, after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

II.   SENTENCING CALCULATION

A.   Statutory Maximum Sentence

The maximum sentence for a person convicted of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) that may be imposed is ten (10) years imprisonment, a $250,000 fine, and a $100 special assessment.  For those subject to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), such as Mr. Waits, the mandatory minimum sentence is fifteen (15) years imprisonment.

B.    Sentencing Guidelines Calculation

As noted in the Addendum to the Presentence Report ("PSR"), the United States did not have any objections to the PSR and the defendant's objections have been addressed. The guideline imprisonment range is 180 to 210 months.

III.    GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully recommends that the court impose a sentence of 180 months. The defendant denies many of his prior convictions and argues that the ACCA should not apply. The defendant further argues that he is entitled to a jury trial as to the 924(e) charge where the government would be forced to prove the elements of the charge beyond a reasonable doubt. The defendant's legal arguments are unsupported by controlling authority; he is not entitled to a jury trial on the 924(e) charge. The defendant's factual arguments are without merit and are next to frivolous. When pleading guilty to Count 1 of the Indictment, by necessity he concedes at least one felony conviction. Yet the defendant arbitrarily denies other prior convictions with reference to the ACCA. The defendant is indeed subject to sentencing under § 924(e).

First, in Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court upheld Congress' long "tradition of treating recidivism as a sentencing factor" determined by the judge. Id. at 243; see Shepard v. United

States, 544 U.S. 13, 125 S.Ct. 1254 (2005). As a matter of established law, Mr. Waits is not entitled to a jury trial as to the § 924(e) charge in this case. The court is clearly authorized to resolve any dispute here as regards the defendant's prior convictions based on a preponderance of evidence.

Second, the defendant's prior convictions clearly qualify under the ACCA. The ACCA requires the imposition of a 15-year minimum sentence when a defendant is convicted previously of three "violent felonies." 18 U.S.C. § 924(e)(1). In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court read the listing of "burglary" as a predicate "violent felony" in the ACCA to refer to what the courts called "generic burglary," an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599. Here, the defendant was twice convicted of burglary in the first degree: once in December of 1983 and again in November of 1989.[1] The defendant was also found guilty of robbery in the second degree in January of 1987.[2] As regards the two burglary convictions, on both occasions the defendant was charged and convicted under the same Oregon statute, Burglary in the First Degree, O.R.S. §

---

[1] See exhibits 1 and 3.

[2] See exhibit 2. There is no question that robbery qualifies as a predicate offense as a "violent felony" under 18 U.S.C. § 924(e).

164.225.³  Oregon's burglary statute, by definition, could include locations other than in a building, such as a vehicle, boat or aircraft.  But see United States v. Hunt, 925 F.2d 1181, 1181 (9th Cir. 1991) (holding that defendant's conviction under Oregon's first degree burglary statute was a "violent felony" for purposes of the ACCA); United States v. Cunningham, 911 F.2d 361, 363 (9th Cir. 1990) (holding that Oregon's second degree burglary statute is virtually identical to Taylor's generic definition).  Regardless of whether Oregon's burglary statute is considered a "generic burglary" or "nongeneric burglary" statute however, it is clear that a burglary conviction under a "nongeneric burglary" statute may qualify as a "violent felony" for purposes of the ACCA if the charging documents, in combination with a signed plea agreement, guilty plea, transcript of plea proceedings, or judgment, reflect that the defendant pled guilty to a crime that contains all the elements of generic "burglary."  See Shepard, 125 S.Ct. at 1259-60.

---

³   The Oregon Code provides:
A person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein. Or.Rev.Stat. § 164.215(1).

A person commits the crime of burglary in the first degree if the person violates O.R.S. § 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person: (a) Is armed with a burglary tool or theft device as defined in O.R.S. § 164.235 or a deadly weapon; (b) Causes or attempts to cause physical injury to any person; or (c) Uses or threatens to use a dangerous weapon.  Or.Rev.Stat. § 164.225(1).

Here, the indictments, together with the judgments of conviction, make clear that Waits' Oregon convictions satisfy Taylor's generic definition of burglary. The defendant's convictions for burglary, in addition to his Oregon conviction for robbery in the second degree, therefore, constitute the requisite three predicate "violent felonies" for purposes of the ACCA.

When considering the sentencing factors in 18 U.S.C. § 3553, a sentence at the low end of the sentencing range of 180-210 months is appropriate. Such a sentence would recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the public from further crimes of the defendant.

The government recommends that the defendant be sentenced as follows:

(1)   **180 months in custody**;

(2)   **No fine is requested** due to the defendant's inability to pay;

(4)   **A five (5) year period of supervised release,** and

//

//

(5)   **A special assessment in the amount of $200.00** is, of course, required.

RESPECTFULLY SUBMITTED this 20th day of March, 2006 at

Anchorage, Alaska

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ David A. Nesbett
>Special Assistant U.S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-6306
>Fax: (907) 271-1500
>E-mail: david.nesbett@usdoj.gov
>Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2006, a copy of the foregoing was served electronically on Michael Dieni.

s/ David A. Nesbett