Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>DAVID GLENN WAITS,<br><br>            Defendant. | Case No. 1:05-cr-0009-JWS<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Defendant, David Glenn Waits, by and through counsel Michael Dieni, Assistant Federal Defender, submits his sentencing memorandum.

    1.    Introduction

Mr. Waits pleaded guilty to possession of a firearm after having been convicted of a felony, a violation of 18 U.S.C. § 922(g).  There is nothing aggravated about the incident.  The surrounding evidence suggests that Mr. Waits had possessed the gun for only a few days and had never shot it.  He did not use it for any illegal purpose.  As he explained to police, he bought it to go hunting.

At the change of plea hearing, Mr. Waits earned two concessions from the government. First, the government allowed Mr. Waits to enter into a conditional plea. Second, the government agreed to recommend a minimum sentence. Unfortunately, the parties are far apart on the question of what sentencing scheme should apply.

The government and the probation officer contend that Mr. Waits' case qualifies for sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which carries a mandatory 15 years (180 month) sentence. As discussed below, Mr. Waits objects to application of the ACCA.

Mr. Waits fully preserved the issue at the change of plea hearing, asserting that the government had failed to plead the predicate three prior crimes of violence in the indictment and failed to gain admissions to three prior convictions in the change of plea hearing. Mr. Waits also asserted his right to a jury trial on the issue.

Regardless of how the court might see the legal question, the government still has to prove up the prior convictions they seek to use against Mr. Waits, not only for purposes of ACCA, but for any other purpose, including ordinary guideline calculation. Mr. Waits' view is that the Fifth Amendment, Due Process, requires that the standard of proof that renders him subject to either ACCA or the guideline "career offender" statute should be beyond a reasonable doubt.

  2. *Objections to PSR*

Mr. Waits objects to the PSR as follows.

*A.    Face pages*

From the face page, "Detainers," he objects to the claim that there is a warrant for him in case number 99-00704. He denies being the subject of this case.

From the second face page, Mr. Waits denies intentionally using anything other than his true date of birth.

From the second face page, Mr. Waits denies intentionally using anything but his true social security number.

From the second face page, the entire alias section is denied, with the exception of references to Mark Sanders and Thomas Williams. It should be noted that Dwayne Wesley Waits is, in fact, Mr. Waits brother, and Mr. Waits has not claimed to be his brother, though he believes that his brother has, on occasion, claimed to be Mr. Waits.

*B.    Individual paragraphs pertaining to criminal convictions and criminal history*

Mr. Waits challenges the fact of many of the prior convictions set forth in the PSR. These convictions are used in the PSR to support ACCA calculation and criminal history points. The government has the burden of proof, here, and must do so by means of evidence in court at sentencing.

As argued below, Mr. Waits asserts that he is entitled to a jury trial and a burden of proof of beyond reasonable doubt as to any convictions used to establish ACCA. Furthermore, even if not entitled to a jury trial, he is entitled to a higher burden of proof of at least clear and convincing evidence. *See United States v. Bonilla-Montenegro*, 331 F.3d 1047, 1049-50 (9th Cir.2003) (clear and convincing standard arguably applies to issue of whether the defendant had in fact been convicted where fact of conviction has a

disproportionate affect on length of sentence). His PSR objections are set forth by paragraph as follows.

¶35.  Mr. Waits denies the applicability of the robbery conviction, identified as 86-898, and requests a jury trial, which would require the government to prove the matter beyond reasonable doubt. The corrected guideline base offense level should be 14.

¶43.  As set forth above, Mr. Waits denies Armed Career Offender status. He denies all of the predicate felonies, and asserts all trial rights as to the same. Because he is not an Armed Career Criminal, he is not susceptible to ACCA calculation of recommended Guideline sentencing. (U.S.S.G. § 4b1.4 only applies if the accused is found guilty of being an Armed Career Criminal pursuant to 18 U.S.C. § 924(e).)

¶48.  Denied.

¶50.  Denied. Also note that should not be counted as criminal history points, as there is no evidence defendant did more than 13 months in jail. The offense is time-barred either as a ten year or fifteen year U.S.S.G. statute of limitations. U.S.S.G. § 4A1.2(e).

¶51.  Denied.

¶53.  Denied.

¶54.  Denied. Also denies details as follows. Denies "Escape." Objects to 3 points for criminal history. Time barred, since no evidence defendant did actual jail time within applicable 15 year statute of limitations under U.S.S.G. § 4A1.2(e).

¶55.  Denied.

¶56.  Denied. Mr. Waits also objects to criminal history points. He served no time within the 15 year statute of limits. U.S.S.G. § 4A1.2(e). He was not in Oregon on or between 1/10/00 to 4/22/03. Any documentation listing those dates is on paper only, a legal abstraction, and does not reflect actual service of jail time.

¶57.  Denied. Mr. Waits denies using the name Thomas Mark Williams on this occasion.

¶58.  Denied.

¶62.   Denied.

¶66.   Denied.

¶68.   Denied.

¶74.   Denied.

¶75.   Denied.  This alleged prior conviction pertains to Mark L. Allen, or someone claiming to be Mark L. Allen.

¶79.   Denied.

¶80.   Denied.

¶82.   Denied.

¶86.   Denied.

¶87.   Denied.

   3.    *Objection to Armed Career Criminal Status*

As set forth above, Mr. Waits objects to the facts of the prior alleged convictions.  In addition, even if the government can prove that it was he, not someone else, who committed the offenses, he makes legal objections as follows.

         A.    *The government must show that the burglary meets the "Taylor" definition of a generic burglary*

The PSR sets forth four proposed crimes of "violence" as a basis for ACCA, three of which are burglaries.  He objects as follows.

First, he objects to the prior conviction set forth at ¶ 75 is a burglary in the second degree, pursuant to Washington law RCW 9A.52.030.  Mr. Waits asserts that Washington law does not necessarily meet federal standards for the definition of a "burglary."  According to the Washington appellate courts, a fenced-in junkyard was a "building," for purposes of second-degree burglary, which is entering or remaining

5

unlawfully in a building other than a vehicle or a dwelling with intent to commit a crime against persons or property therein. *State v. Klimes,* 73 P.3d 416 (Wash. App. 2003). A fenced yard will not qualify as a "building" under federal law. Under *Taylor*, "a state conviction meets the generic definition of burglary if the burglary statute 'contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.'" *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 857 (9th Cir. 2005) (emphasis omitted) (*quoting Taylor v. United States*, 495 U.S. 575, 598, 110 S. Ct. 2143 (1990)). Given the broad definition provided by the Washington court for "building," Washington burglaries should not count as a prior for purposes of ACCA.

Likewise, Oregon burglaries should not qualify as ACCA crimes of violence because the definition of a building includes structures not within the federal definition of burglary. In Oregon, burglary is defined to include booths, aircraft, and vehicles:

> (1) "Building," in addition to its ordinary meaning, includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein. Where a building consists of separate units, including, but not limited to, separate apartments, offices or rented rooms, each unit is, in addition to being a part of such building, a separate building.
>
> (2) "Dwelling" means a building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present.

O.R.S. 164.205.

Thus, under Oregon law, any booth or vehicle or boat that any individual uses intermittently as an overnight lodging can qualify as a dwelling place. This definition exceeds the permissible "*Taylor*" definition of generic burglary. See *Taylor*, 495 U.S. at

599, 110 S. Ct. 2143 (limiting generic burglary to include only buildings or structures). Therefore, the government must do more than show that Mr. Waits violated the relevant statute.

> B. *The government failed to plead the predicate prior convictions, obtained no admission at the change of plea hearing, and Mr. Waits is entitled to a jury trial as to existence of the prior convictions necessary for ACCA*

The only possible justification for not including the component prior convictions of the ACCA as a requirement in the indictment and the plea colloquy is the narrow exception for prior convictions set out in *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998). Mr. Waits asserts that with recent jurisprudence of *Booker v. Washington*, 543 U.S. 220, ___, 125 S. Ct. 738, 756 (2005), *Almendarez-Torres* is no longer good law. Mr. Waits acknowledges that contrary authority, based upon *Almendarez-Torres*, currently exists in the Ninth Circuit. *United States v. Smith*, 390 F.3d 661, 666 (9th Cir. 2004), *amended by* 405 F.3d 726 (9th Cir. 2005); *see also United States v. Von Brown*, 417 F.3d 1077, 1079-80 (9th Cir. 2005) (*per curiam*). Nevertheless, Mr. Waits outlines the argument that needs to be heard in the Supreme Court below.

In, *Almendarez-Torres* the Court ruled that the existence of a prior felony was a "sentencing factor" rather than an "element" of the offense, and that it did not have to be charged in the indictment or proved to a jury beyond a reasonable doubt. As a practical matter, *Almendarez-Torres* authorized a tenfold increase in the statutory maximum penalty based solely on post-verdict judicial fact findings.

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), this court decided that the Sixth Amendment requires any fact that increases the penalty for a crime beyond the

prescribed statutory maximum be submitted to a jury and proved beyond a reasonable doubt. The *Apprendi* Court noted that the logic of its Sixth Amendment reasoning should apply to a contested recidivism issue and acknowledged that *Almendarez-Torres* may have been incorrectly decided. However, the Court excepted the fact of prior convictions from the Sixth Amendment analysis because the petitioner in *Apprendi* did not challenge the continued viability of *Almendarez-Torres. Id.* at 489-90.

In *Blakely v. Washington*, 542 U.S. 296, 303 (2004), the Court ruled that for Sixth Amendment purposes the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.

In *United States v. Booker*, 543 U.S. 220, ___, 125 S. Ct. 738, 756 (2005), the Court applied its *Apprendi/Blakely* jurisprudence to the United States Sentencing Guidelines. The Court reaffirmed its holding in *Apprendi* that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. A merits majority then ruled that the extant mandatory sentencing guidelines violated the Sixth Amendment because sentences could be increased beyond the applicable statutory maximum based on facts not reflected in a jury verdict or admitted by the defendant. A remedial majority severed 18 U.S.C. § 3553(b)(1) (providing that district courts "shall" impose a guideline sentence) and § 3742(e) (setting for the standard of appellate review of sentences) and determined that the sentencing guidelines were now "effectively advisory." *Id.*, 125 S. Ct. at 757.

In *Shepard v. United States*, 544 U.S. 13, ___, 125 S. Ct. 1254, 1262-63 (2005), the Court determined that guilty pleas can be used to establish predicate offenses under the Armed Career Criminal Act but limited evaluation of the predicate offense to the charging documents, the terms of the plea agreement, or a transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant. Notably, Justice Thomas commented in concurrence that "a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided" because it was inconsistent with the Court's subsequent Sixth Amendment jurisprudence in *Apprendi* and its progeny. *Id.*, 125 S. Ct. at 1264 (Thomas, J. concurring).

The implications of these developments are clear to Mr. Waits' case. He pleaded guilty to an offense under 18 U.S.C. § 922(g), but made no admissions as to 18 U.S.C. § 924(e). The imposition of § 924(e) into his sentence changes the sentencing range from 0 to 10 years to a mandatory 15 year minimum sentence. The count he pleaded to did not allege the elements of § 924(e) and Mr. Waits did not give up his right to a jury trial as to that crime. He cannot be sentenced for it.

  4. *The Correct Guideline Sentence Range Depends upon the Extent to Which the Government Can Prove of the Prior Felonies*

If this court accepts Mr. Waits for ACCA status, then the only reasonable sentence is 180 months. The sentencing guideline for people found by the court to be sentencable under ACCA is 168 to 210. The mid-range of the guideline is 180 months, a value equal to what will be the recommendation of both parties if ACCA applies.

The harsh sentencing that accompanies ACCA presupposes that a person has been found guilty of at least three prior serious drug felonies or three prior felony

9

crimes of violence. Mr. Waits, however, has no prior felonies involving drug trafficking or harm to anyone. He is alleged to have only one prior felony that included a threat of violence. (The robbery in the second degree, by threat, at age 22, committed 20 years ago. PSR at ¶54.)

If this court rejects ACCA on legal grounds, or the government fails to prove it factually, the maximum sentence is ten years, and the case is driven by an ordinary analysis of 18 U.S.C. § 3553(a).

### A. *Mr. Waits is not a Career Offender under the U.S.S.G. § 4b1.1*

Mr. Waits incorporates all of the arguments set forth above regarding factual proof of the predicate priors.

In addition, the career offender guideline is inapplicable to Mr. Waits because the government cannot produce two so-called "violent" felonies that are not time-barred under the guidelines. Unlike the ACCA analysis, sentencing guideline career offender status requires proof of two prior convictions that would not otherwise be barred by the statute of limitations in the guidelines for the countability of a prior conviction for purposes of criminal history. *See* U.S.S.G. § 4B1.2, App. Note 3.

Therefore, the offenses set forth at PSR ¶¶ 51 and 58, both of which are relied upon in the PSR at ¶ 43 for career offender purposes, cannot be used because both receive zero criminal history points. The offenses are too old.

The burglary in the second degree at ¶ 75 fails because it is a burglary in the second degree, not demonstrated to be of a dwelling, but rather some form of building or structure. Burglaries not of a dwelling do not count for violent felonies under the career offender computations in the guidelines. U.S.S.G. § 4B1.2(a)(2).

Therefore, at most, the government can attempt to show one solitary prior offense, the 1986 robbery in the second degree, set forth at PSR ¶ 54. As argued in his objections to the PSR set forth above, Mr. Waits argues that this offense should be time barred. He denies serving any time on this offense within fifteen years of the present offense.

### B.   *The corrected guideline range is 37 to 46 months*

For the same reason, therefore, Mr. Waits does not qualify for the U.S.S.G. § 2k2.1(a)(4) base offense level of 20. That is, if the robbery does not apply, Mr. Waits has a base offense level of 14, and his verifiable Alaska criminal record would still put him at criminal history level VI.

His corrected guideline range, therefore, at offense level 14, criminal history VI, is 37 to 46 months.

### 5.   *A Corrected Guideline Sentence Is Appropriate*

Mr. Waits is not the person the ACCA was designed to get. He is an alcoholic. His life is dotted with one relatively minor criminal offense after another, interspersed with laboring type jobs. He has tremendous potential as an artist. (If possible, a sample of his work will be submitted to the court at sentencing.)

A letter received by counsel from Mr. Waits' mother goes a long way toward explaining the inability of Mr. Waits to get his life on track. If true, Mr. Waits would have had one of the most horrific childhoods imaginable. Her letter is typed out, word for word, for the court's review, with the original in her own hand, also attached. (Exhibits A and B.)

*6.     Conclusion*

Mr. Waits should face a sentencing range of 37 to 46 months. This is an ordinary, non-aggravated offense for an offender with a long history of relatively minor police contacts and a terrible alcohol problem. Under these circumstances, the proposed corrected guideline range is appropriate.

DATED this 21st day of March, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
550 West 7th Avenue, Suite 1600
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on March 21, 2006, a copy of the foregoing document, with attachments, was served electronically on:

David A. Nesbett, Esq.

and a copy was hand delivered on:

United States Probation/Pretrial services
222 West 7th Avenue, No. 48, Room 168
Anchorage, AK  99513–7562

/s/ Michael D. Dieni